| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

NICOLAS DEANGELIS, §
　　　　　　　　　　　　　　　§
　　　　Petitioner,　　　　　　§
　　　　　　　　　　　　　　　§
*versus*　　　　　　　　　　　§　　CIVIL ACTION NO. 1:14-CV-213
　　　　　　　　　　　　　　　§
WARDEN N. VASQUEZ,　　　　　§
　　　　　　　　　　　　　　　§
　　　　Respondent.　　　　　　§

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nicolas DeAngelis, an inmate confined at the Federal Correctional Institution at Mendota, California, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be dismissed.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections asserted by petitioner.

Petitioner was convicted of numerous criminal offenses. He asserts that under the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008), his money laundering convictions are invalid. Pursuant to *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), petitioner may only challenge his money laundering convictions in a Section 2241 petition if his claim: (1) is based on a retroactively applicable Supreme Court decision which establishes he may have been convicted of a nonexistent offense and (2) was foreclosed by established circuit

law at the time the claim could have been raised during his trial, direct appeal or initial motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255.

A claim based on *Santos* could not have been raised during petitioner's trial or on direct appeal. However, as the magistrate judge explained, it could have been raised in an initial motion to vacate. The opinion in *Santos* was issued on June 2, 2008. Petitioner's convictions became final on March 19, 2007. Title 28 U.S.C. § 2255 provides for a one-year statute of limitations for motions to vacate, set aside or correct sentence. The statute provides that the period of limitations begins to run on the date of the latest of four possible events. One event is the date the conviction became final. If this was the date the period of limitations began to run in petitioner's case, he could not have raised a *Santos* claim in an initial motion to vacate as *Santos* was decided more than one year later than the date on which petitioner's convictions became final. However, the statute also provides that the period of limitations could begin to run on the date the right asserted was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable to cases on collateral review. As stated above, *Santos* was decided on June 2, 2008. As this date is later than the date on which petitioner's convictions became final, and as *Santos* applies retroactively to cases on collateral review,[1] the period of limitations with respect to a *Santos*-based challenge to petitioner's money laundering convictions did not begin to run until June 2, 2008. Petitioner had one-year from that date to file a motion to vacate raising a *Santos*-based claim regarding his money laundering convictions. *United States v. Williams*, 402 F. App'x 943, 944 (5th Cir. 2010); *Reeder v. Edenfield*, 2013 WL 12098729, at * 3 (N.D. Tex. June 3, 2013); *Hinojosa v. Maye*, 2012 WL 2191694 (W.D. Tex. June 13, 2013). While petitioner did not file a motion to vacate, he nevertheless could have asserted his current ground for review in an initial motion to vacate filed pursuant to Section 2255. As a result, his ground for review was not barred by governing circuit law at the time he could have asserted it in an initial motion to vacate and is therefore not cognizable in a Section 2241 petition.

---

[1] *Garland v. Roy*, 615 F.3d 391, 397 (5th Cir. 2010); *King v. Keller*, 372 F. App'x 70, 73-74 (11th Cir. 2010).

**ORDER**

Accordingly, petitioner's objections are **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment shall be entered dismissing the petition.

SIGNED at Beaumont, Texas, this 23rd day of March, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE